FILED

2005 Apr-19 PM 02:45
U.S. DISTRICT COURT
N.D. OF ALABAMA

2005 Feb-14 PM 02:58
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| LEROY NUNNALLY JR., et al., | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | Case No.: CV-04-PT-2890-E |
| | ) | |
| EQUIFAX INFORMATION SERVICES LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION TO:
### (A) EXTEND THE TIME FOR EQUIFAX INFORMATION SERVICES LLC TO FILE ITS RESPONSIVE PLEADING AND (B) STAY DISCOVERY PENDING RESOLUTION OF PETITION FOR INTERLOCUTORY APPEAL, WITH INCLUDED MEMORANDUM OF LAW

Pursuant to Fed. R. Civ. P. 6(b) and 26(c), Defendant Equifax Information Services LLC ("Equifax") respectfully moves this Court for an Order (a) extending the time for Equifax to file its responsive pleading and (b) staying all discovery in these proceedings, until ten (10) days after the final disposition of Equifax's Petition for Interlocutory Appeal. Equifax shows as grounds for this motion:

## I.    STATEMENT OF FACTS

1.      Plaintiffs Leroy Nunnally Jr., Gladys Nunnally, and Arlene M. Rhodes f/k/a Arlene M. Cook (collectively, "Plaintiffs") have filed a fifty-nine paragraph Complaint raising a single claim under the Fair Credit Reporting Act ("FCRA").

2.      Relatively few of their allegations directly pertain to their FCRA claim. The remainder of Plaintiffs' Complaint is devoted primarily to complaints about Equifax's marketing of its "consumer direct" services, in which Equifax sells consumers information

1926304

about their own credit files. Although immaterial to their FCRA claim, Plaintiffs might rely upon these allegations as a basis for attempting to launch far-reaching discovery.

3.     Equifax moved to dismiss, raising a purely legal issue in connection with Plaintiffs' FCRA claim. If granted, Equifax's Motion to Dismiss would have resulted in the dismissal with prejudice of Plaintiffs' claims, obviating the need for any discovery.

4.     On February 4, 2005, the Court denied Equifax's motion, but certified its decision for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

5.     Equifax will be filing a Petition for Interlocutory Appeal in the Eleventh Circuit on or before February 18, 2005.

6.     By virtue of the operation of the Federal Rules, however, Equifax's responsive pleading also would be due to be filed on February 18, 2005. Fed. R. Civ. P. 12(a)(4)(A).

7.     Additionally, the prior stay of discovery entered in this case expires by its own terms thirty (30) days after the ruling on Equifax's motion to dismiss.

## II.   ARGUMENT AND CITATIONS OF LEGAL AUTHORITY

8.     The Federal Rules give this Court broad discretion to enlarge deadlines:

> When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefore is made before the expiration of the period originally prescribed or as extended by a previous order ....

Fed. R. Civ. P. 6(b).

9.     The Federal Rules similarly give this Court broad authority over discovery matters:

> Upon motion by a party ... the court in which the action is pending ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression,

- 2 -

or undue burden or expense, including ... that the disclosure or
discovery not be had ....

Fed. R. Civ. P. 26(c).  Under the facts of this case, the Court should exercise its discretion to

stay all discovery pending resolution of Equifax's motion to dismiss.

10.    Here, Equifax has filed a motion to dismiss that, if granted, would result in the

dismissal of Plaintiffs' claims and the termination of this litigation.

11.    Where, as here, one party has filed a dispositive motion directed to the legal

sufficiency of his adversary's claims, the Eleventh Circuit and the other Courts of Appeals

have approved orders staying discovery pending disposition of the motion.  *See, e.g.,*

*Patterson v. United States Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990) (no abuse of

discretion to stay discovery pending rulings on defendant's potentially dispositive pretrial

motion); *Lombard's, Inc. v. Prince Mfg., Inc.*, 753 F.2d 974, 975-76 (11th Cir. 1985) (proper

exercise of discretion to cancel deposition pending ruling on motion to dismiss); *Scroggins v.*

*Air Cargo, Inc.*, 534 F.2d 1124, 1133 (5th Cir. 1976) ("no possible abuse of discretion" to

stay general discovery pending disposition of dispositive motion); *Petrus v. Bowen,* 833 F.2d

581, 583 (5th Cir. 1987) ("A trial court has broad discretion and inherent power to stay

discovery until preliminary questions that may dispose of the case are determined.");

*Sprague v. Brook*, 149 F.R.D. 575, 577-78 (N.D. Ill. 1993) (collecting cases); *see also*

*Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) ("discovery should not be allowed" until

threshold issue of qualified immunity is resolved).  The Eleventh Circuit has limited this

discretion, however, tilting the balance heavily in favor of issuing a stay where, as here, a

party has filed a motion to dismiss for failure to state a claim.  *Chudasama v. Mazda Motor*

*Corp.*, 123 F.3d 1353 (11th Cir. 1997).

- 3 -

12.    Although the Court has denied Equifax's motion, it recognized that the legal issue giving rise to the motion is one as to which there is substantial ground for difference of opinion.  Accordingly, the Court certified its order for interlocutory review pursuant to 28 U.S.C. § 1292(b).

13.    Equifax's Petition for Interlocutory Appeal will raise one legal issue regarding the construction of one provision of the FCRA.  Particularly in light of this Court's extensive discussion of the issue in its order on Equifax's motion to dismiss, a prompt disposition of the interlocutory appeal appears likely.

14.    If the Petition for Interlocutory Appeal is granted and the Eleventh Circuit rules for Equifax, any discovery would be rendered wasteful and unnecessary.  Staying all proceedings – discovery and Equifax's obligation to file a responsive pleading – conserves the resources of the parties and the Court and avoids unnecessary duplication of effort.

## IV.    CONCLUSION

For the foregoing reasons, Equifax's requests that the Court enter an Order (a) extending the time for Equifax to file its responsive pleading and (b) staying all discovery in these proceedings, until ten (10) days after the final disposition of Equifax's Petition for Interlocutory Appeal.[1]

Respectfully submitted this 14th day of February, 2005.

---

[1] By "final disposition" of Equifax's includes either (a) an order from the Eleventh Circuit denying the Petition for Interlocutory Appeal, or (b) assuming the Petition for Interlocutory Appeal is granted, the issuance of the mandate from the Eleventh Circuit following the completion of the interlocutory appeal.

EQUIFAX INFORMATION SERVICES LLC


By:   /s/ David R. Pruet III
William H. King, III (KIN029)
David R. Pruet, III (PRU011)
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
400 20th Street North
Birmingham, AL  35203-3200
(205) 581-0700

Of Counsel:
Mara McRae
Cindy D. Hanson
J. Anthony Love
KILPATRICK STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30080
Telephone:  (404) 815-6500
Facsimile:  (404) 815-6555

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a true and correct copy of the foregoing

MOTION TO (A) EXTEND THE TIME FOR EQUIFAX INFORMATION SERVICES

LLC TO FILE ITS RESPONSIVE PLEADING AND (B) STAY DISCOVERY PENDING

RESOLUTION OF PETITION FOR INTERLOCUTORY APPEAL, by depositing same in

the United States mail, properly addressed with sufficient postage affixed thereto to ensure

delivery to:

James D. Patterson, Esq.
Earl P. Underwood, Jr. Esq.
Post Office Box 969
Fairhope, AL 36533

David R. Donaldson
Tammy McClendon Stokes
Donaldson & Guin, LLC
2 North 20th Street, Suite 1100
Birmingham, AL 35203

Dated: February 14th, 2005.

/s/ David R. Pruet III

1926304

Case 1:04-cv-02890-KOB    Document 28    Filed 04/19/2005    Page 7 of 9

MIME-Version:1.0
From:cmecf_ALND@alnd.uscourts.gov
To:ecfAdmin@alnd.uscourts.gov
Bcc:DavidD@dglawfirm.com,dpruet@lfwlaw.com,epunderwood@alala
Message-Id:<444278@alnd.uscourts.gov>
Subject:Activity in Case 1:04-cv-02890-RBP Nunnally, et al v

Content-Type: text/html

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\*You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

## U.S. District Court

## Northern District of Alabama

Notice of Electronic Filing

The following transaction was received from SCL, entered on 2/15/2005 at 12:05 PM CST and filed on 2/15/2005

| | |
|---|---|
| **Case Name:** | Nunnally, et al v. Equifax Information |
| **Case Number:** | 1:04-cv-2890 |
| **Filer:** | |
| **Document Number:** | |

**Docket Text:**
ORDER granting and so ordering [24] Motion for Extension of Time and to Stay Discovery. Signed by Judge Robert B Propst on 2/15/05. (SCL, )

The following document(s) are associated with this transaction:

## 1:04-cv-2890 Notice will be electronically mailed to:

David R Donaldson        DavidD@dglawfirm.com

William H King , III        wking@lfwlaw.com

James Donnie Patterson        jpatterson@alalaw.com

David R Pruet , III        dpruet@lfwlaw.com

Tammy McClendon Stokes        tstokes@dglawfirm.com

Earl P Underwood , Jr        epunderwood@alalaw.com

## 1:04-cv-2890 Notice will be delivered by other means to:

Cindy D Hanson
KILPATRICK STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309-4530

J Anthony Love
KILPATRICK STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309-4530

Mara McRae
KILPATRICK STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309-4530

FILED
2005 Apr-15 PM 04:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

FILED

## IN THE UNITED STATES COURT OF APPEALS
2005 APR 14 PM 1: 32
## FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

APR 1 2 2005

THOMAS K. KAHN
CLERK

### No. 05-90006-E

EQUIFAX INFORMATION SERVICES, INC.,

Petitioner,

versus

LEROY NUNNALLY, JR.,
GLADYS NUNNALLY, et al.,

C U 04- PT- 2 890 -E

Respondents.

- - - - - - - - - - - -

Petition for Permission to Appeal a Decision of the U. S.
District Court for the Northern District of Alabama

- - - - - - - - - - - -

Before: **BIRCH, BARKETT and HULL, Circuit Judges.**


BY THE COURT:

The petition for permission to appeal pursuant to 28 U.S.C. Section 1292(b)

is **GRANTED.**

A True Copy - Attested:
Clerk, U.S. Court of Appeals,
Eleventh Circuit

By:
Deputy Clerk
Atlanta, Georgia