UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **LEROY NUNNALLY JR., et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NO. CV-04-PT-2890-E** |
| ) | |
| **EQUIFAX INFORMATION** ) | |
| **SERVICES LLC,** ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM OPINION**

As a senior district judge, this judge is allowed to select categories of cases which are to be assigned to him. One of the categories in which this judge has elected not to continue assignments are cases in which holdings of this judge have been reversed by a court of appeals; particularly if this judge does not feel that orders(s) he would be required to enter are appropriate under the law. The court will direct that this case be reassigned and will explain why this decision has been made.[1]

Complete File?

One factor that may have led to some confusion is some language that this court used in its opinion. The appellate court refers to that language as follows: "The district court examined the purpose and structure of 1681i(a)(6) and concluded that, because the Act requires that a

---

[1] This court earlier said that its ruling was without "certitude." The reasoning which has led to the reversal bolsters this judge's confidence in his ruling. Federal statutes seldom lend themselves to certitude. In any event, the lack of certitude is what forms the basis for a § 1292(b) certification. This court did not feel that it had made a wrong decision.

'consumer report' must be provided to the consumer 'as part of' or 'in addition to' the notice of results of a reinvestigation, the 'consumer report' is 'something over and above the mere results' of the reinvestigation. *Id.* at 1333 (sic) [1133]. The district court concluded that the 'something over and above the mere results' is the <u>consumer's complete file</u>." (Emphasis added).

What this court said was, "The court ultimately concludes, without certitude, that the term 'based upon the consumer's file as that file is revised...' means the full file. The provision does not state, 'based upon the corrected portion of the file.' There is no reason to suggest that the complete file was not intended." *Nunnally v. Equifax Information Services, LLC.*, 366 F. Supp. 2d 1119, 1133 (N.D. Ala. 2005).

It never occurred to this judge that his language could be interpreted as stating that the defendant was required to turn over the "complete file." What this court, apparently not so obviously, intended was that the term "based upon the consumer's file as that file is revised" referred to the full file as revised being the *basis* for the required "consumer report" under 15 U.S.C. § 1681i(a)(6)(B)(ii).  The provision does not say "based upon the revised portion of the file."  This court's statement "that the term 'based upon the consumer's file as that file is revised...' means the full file" may have been poorly constructed.  It should be obvious, however, that the court was referring to the scope of the "consumer' file" mentioned in the same provision. This is made even more obvious when this court added: "The provision does not state, 'based upon the corrected portion of the file.'"

This court may not have felt that its language caused any real misunderstanding or confusion leading to the appellate court decision except for the following repeated references to

"complete file" in the appellate court opinion:[2] (Emphases added).

1. "This interlocutory appeal presents one issue: whether the Fair Credit Reporting Act requires a consumer reporting agency to provide a consumer with his <u>complete file</u> following a reinvestigation of disputed items of his credit history." *Nunnally ex rel Cook v. Equifax Information Services, LLC*., No. 05-12029, 2006 WL 1562100, at *1 (11th Cir. June 9, 2006).

2. "Equifax moved to dismiss the complaint on the ground that the Act does not require <u>disclosure of the complete file</u> following a reinvestigation." *Id.*

3. "The district court denied the motion to dismiss and concluded that a 'consumer report' that follows a reinvestigation refers to the consumer's 'full file.'"[3] *Id.*

4. "Because the plain language of the Act does not require the disclosure of the <u>complete file</u> of the consumer and the letters Equifax sent to the Nunnallys and Rhodes satisfied the reporting requirements following a reinvestigation, we reverse and remand with instruction to dismiss." *Id.*

5. "The district court concluded that the 'something over and above the mere results' is the consumer's <u>complete file</u>." *Id.* at *2.

6. "We must decide whether the consumer report that a credit reporting agency provides to a consumer following a reinvestigation is the consumer's <u>complete file</u> or a description of revisions to that file, and we must decide whether Equifax satisfied its obligation to the Nunnallys and Rhodes." *Id.* at *3.

7. "Equifax argues that neither section 1681i nor any other section of the Act requires disclosure of the consumer's <u>complete file</u>." *Id.*

8. "The Nunnallys and Rhodes respond that both the text and the purpose of the Act

---

[2] Note that the term "based upon" is seldom used. The appellate court sometimes interchangeably refers to "complete file," "consumer file," and "consumer report."

[3] This court did not so state. As indicated this court actually stated that the term "file" in the phrase "based upon the consumer's file as that file is revised..." means the full file. The court did not say that the consumer report was the "full file." It should be noted that the appellate court opinion states, "[o]n October 1, 2004, the Nunnallys and Rhodes filed this action and complained that Equifax had failed to comply with the Fair Credit Reporting Act when it <u>did not send them each a "complete copy" of their consumer reports</u> following the reinvestigations. 15 U.S.C. § 1681i(a)(6)." *Nunnally*, 2006 WL 1562100, at *2. The plaintiffs did not complain of not having received the "full files."

support disclosure of the consumer's complete file."[4] *Id*.

9. "First, we address whether the Act requires disclosure of a consumer's complete file following a reinvestigation." *Id*.

10. "First, Equifax argues that the language of section 1681i and the definitions in section 1681a establish that a credit reporting agency need not provide a consumer his complete file following a reinvestigation."[5] *Id*.

11. "Second, Equifax argues that other provisions of the Act require a credit reporting agency to provide a consumer his complete file in different circumstances, and the contrast of those provisions supports an interpretation that section 1681i does not require disclosure of the consumer's complete file." *Id.*

12. "Equifax argues that the text of the requirement that the 'consumer report' be 'based upon the consumer's file as that file is revised,' id. § 1681i(a)(6)(B) (emphasis added), establishes that the consumer report following a reinvestigation is different from the complete file of the consumer." *Id*.

13. "As Equifax correctly explains, 'a report is not "based upon" the consumer's file if it is the entire file.'" *Id*.

14. "The district court relied on two sections of the Act and erroneously concluded that disclosure of the complete file is required." *Id*. at *4.

15. "As to the second section, the district court relied on the language of section 1681i(a)(6)(B) that the 'consumer report' shall be 'part of, or in addition to' the written notice of the reinvestigation required by section 1681i(a)(6)(A) to conclude 'that something over and above the mere results is required,' *Nunnally*, 366 F.Supp.2d at 1133, but that language does not require disclosure of the consumer's complete file." *Id*.

16. "The language of section 1681i(a)(6)(B) does not require that a consumer report must be the consumer's complete file." *Id*.

17. "In contrast with the sections pertaining to disclosures following reinvestigations,

---

[4] This court does not recall such an argument being made by the plaintiffs in this court and doubts that it was. In their complaint, the plaintiffs stated: "Following the reinvestigations, Equifax sent brief summary reports concerning the results of its reinvestigations to Plaintiffs, but failed to send the Plaintiffs a new copy of their consumer reports as required by FCRA § 1681(a)(6)(B)(ii) ... ."

[5] Based on the defendant's position, it would provide a consumer report any time it discloses any credit information, whether or not full, complete or accurate, which bears on the consumer's credit worthiness.

several sections of the Act plainly refer to disclosures of a consumer's <u>complete file</u> in other circumstances." *Id*. at *5.

18. "The application of this rule of statutory construction further supports the argument of Equifax that section 1681i does not require disclosure of the consumer's <u>complete file</u> after reinvestigation." *Id*.

19. "The pivotal section regarding the disclosure of the consumer's <u>complete file</u> is section 1681g." *Id*.

20. "That Congress did not refer to section 1681g(A) in the requirements for a report following a reinvestigation, <u>id.</u> § 1681i(a)(6)(B)(ii), but referred to section 1681g(a) in subsection (c)(1)(B)(I), is evidence that Congress did not intend to require disclosure of the consumer's <u>complete file</u> as the consumer report following reinvestigation." *Id*.

21. "Sections 1681j and 1681m, in contrast with section 1681i, also refer to the disclosure requirement of a consumer's <u>complete file</u> under section 1681g." *Id*.

22. "Section 1681j(a)(1)(A) requires that all consumer reporting agencies 'shall make all disclosures pursuant to section 1681g once during any 12-month period,' and that disclosure involves the consumer's <u>complete file</u>." *Id*.

23. "In their brief, the Nunnallys and Rhodes argued that section 1681i(d) suggests that, following a reinvestigation, a credit reporting agency must provide the consumer's <u>complete file</u>."[6] *Id*. at *6.

24. "The Purpose of the Act Does Not Require Disclosure of the Consumer's <u>Complete File</u> After Reinvestigation." *Id*.

25. "Congress has stated in the Act what information it considers necessary for consumers to verify the accuracy of their <u>complete files</u>. Congress has determined that a 'consumer report based on the file as that file is revised,' id.§ 1681i(a)(6)(B), satisfies the purposes of the Act." *Id*. at *7.

26. "Because we conclude that the Act does not require disclosure of the <u>complete consumer file</u> following a reinvestigation, we turn to whether Equifax satisfied its obligation to send the Nunnallys and Rhodes a 'consumer report.'" *Id*.

---

[6]Such an argument was not made to this court.

<u>18 U.S.C. § 1681g(a)(1)</u>

The appellate court relies upon a consideration of 18 U.S.C. § 1681g(a)(1) to explain why the defendant did not have to disclose the "full" or "complete" file. That section requires a disclosure of not the complete file, but "[a]ll information in the consumer's file at the time of the request, except that nothing in this paragraph shall be construed to require a consumer reporting agency to disclose to a consumer any information concerning credit scores or any other risk scores or predictors relating to the consumer." Rather than to consider § 1681g(a)(1) as a prelude to the reinvestigation requirements of § 1681i, the appellate court has considered 1681g(a)(1) as providing a restriction on the requirements of 1681i(a)(6)(A).

If the consumer reporting agency provides the consumer with a complete and accurate disclosure as provided by § 1681g and § 1681h(a)(2), the process is completed and the consumer has for his or her inspection a complete and accurate report.[7] That was apparently the ultimate intent of Congress. Otherwise, § 1681i(a)(6) would have simply provided only that "[a] consumer reporting agency shall provide written notice to a consumer of the results of a reinvestigation under this subsection...." That is, in essence, what the appellate court has found to be an acceptable compliance.

Congress, however, did not stop there. To the contrary, Congress included §1681i(a)(6)(B) which provides, first, that "[a]s part of, or in addition to, the notice under subparagraph (A)[8], a consumer reporting agency shall provide a consumer in writing...(I) a

---

[7] The logical argument is that disclosure required in § 1681i(a)(6)(B) would require an ultimate compliance of providing a complete and accurate report as requested pursuant to § 1681g.

[8] Making it obvious that something more than just the "results of a reinvestigation" is required.

6

statement that the reinvestigation is completed; (ii) a consumer report that is based upon the consumer's file as that file is revised as a result of the reinvestigation." This court could not ignore the language which required something other than the mere "results" notice required by § 1681i(a)(6)(A).[9] Query: Was nothing else required? If there was, what was it?

Another provision of § 1681i(a)(6)(B) which suggests that a report based on the full file is required is § 1681i(a)(6)(B)(iv) which states that, in connection with the consumer report required by (6)(B)(ii), the consumer reporting agency is required to give "a notice that the consumer has the right to add a statement to the consumer's file disputing the accuracy or completeness of the information... ." Section 1681i(a)(1)(A) makes reference to "information contained in a consumer's file."

It appears clear to this court that Congress intended that consumers be able to finally obtain a consumer [credit] report which is complete and accurate. This is consistent with 15 U.S.C. § 1681(a)(1) which refers to "fair and accurate credit reporting." The facts of this case as adopted by the Eleventh Circuit clearly illustrate the reason why Congress, in §§ 1681i(a)(6)(A)-(B), requires that a consumer reporting agency provide a consumer with "notice...of the results of a reinvestigation," and, as part of or in addition to that notice, a "statement that the reinvestigation is completed" *plus* "a consumer report that is based upon the consumer's file as <u>that</u> file is revised as a result of the reinvestigation." In 2002, Leroy and Gladys Nunnally each purchased[10] a credit report from Equifax. These reports contained incorrect credit information.

---

[9] There are other requirements under §§ 1681i (a)(6)(B) (iii), (iv) and (v). This court is not aware of whether there was compliance with these provisions.

[10] The Eleventh Circuit, in the "Background" portion of its opinion, uses terms like "requested" and "discovered inaccuracies" to describe the plaintiffs' acquisitions of their respective consumer reports. This court, to allay any confusion, has simply substituted the term "purchased."

7

The Nunnallys requested a reinvestigation. Equifax did not notify them of the results of the reinvestigation. They purchased a second set of credit reports in 2004. These reports were also incorrect, and the Nunnallys requested another reinvestigation. After Equifax notified them of the results of the reinvestigation and that the incorrect statements had been removed from their file, the Nunnallys purchased a third set of reports to make sure that their files had been corrected. Finally, these last reports were correct.

Ms. Rhodes had a similar misadventure in her journey to correct her credit file. In 2004, she purchased a consumer report. That report was inaccurate. She requested a reinvestigation, and some of the information was corrected. She then paid for a consumer report to check for inaccuracies. This last report was incorrect. It is unknown to this court what course of action, other than filing this suit, Rhodes took after purchasing this second inaccurate report.[11]

To this court, it seems to defy common sense to require a consumer to purchase innumerable consumer reports for no reason other than ensuring that reported inaccuracies have been removed from one's file. That is why, this court reasons, § 1681i(a)(6)(B)(ii) requires, "a consumer report that is <u>based upon the consumer's file as that file is revised as a result of the reinvestigation</u>," (emphasis added). The clear meaning of this requirement is that a consumer reporting agency provide a consumer report based on the consumer's entire, revised, up-to-date

---

[11] In their complaint, the plaintiffs alleged: "Due to Defendant's failure to provide the Plaintiffs with a free and complete copy of their consumer reports following the Defendant's reinvestigation were (sic) unsure and unaware what their credit report now contained and whether Equifax had in fact corrected the inaccurate consumer report it was publishing to their parties." In other words, plaintiffs alleged that they did not receive what they initially requested pursuant to § 1681g, a complete and accurate consumer report. The appellate court treats § 1681g as if it were isolated from § 1691i(a)(6): To the contrary, it is the starting point for what can lead to § 1681i(a)(6). This court noted, "Further, the 'consumer report' term which is used [in § 1681i(a)(6)(B)ii] is the same term which is repeatedly used in § 1681g. It would appear that if a full report is not intended, such would have been clearly stated."

file. If Congress had intended a different result, perhaps it could have stated the requirement as, "a consumer report based upon those portions of the consumer's file revised as a result of the reinvestigation." Congress, however, said "as <u>that</u> file is revised as a result of the reinvestigation." Any other construction of that provision is forced. This court did not second-guess Congress, nor did it engage in a torturous explication of Congress' language to infer a policy not found in the text.  It is not totally clear from the appellate court opinion how it resolved the question of why § 1681i(6)(B)(ii) was included in the statute in addition to § 1681i(6)(B)(ii).  The appellate court stated, "As Equifax correctly explains, 'a report is not 'based upon' the consumer's file if it is the <u>entire</u> file." This *ipse dixit* statement lacks foundation.

      Borrowing from an unrelated case, the appellate court states that "based upon" means "derivative" of.  Assuming that "based upon" totally means derivative of, saying that something is "based upon" does not indicate the nature or the scope of the "derivative."  "Base" or "basis" usually means something from which something else is constructed or established.  All consumer reports are "based upon" the consumer's file.  Does this mean that they can all be "based upon" less than the full file?

      The appellate court states that "the district court <u>determined</u> that the letters Equifax sent to the Nunnallys and Rhodes were excluded from the definition of 'consumer report' because those letters were communications relating solely to transactions between the Nunnallys and Rhodes and Equifax."  (Emphasis added).  This court made no such determination.  This court merely said that the plaintiffs made such an argument and that certain statutory language would "arguably suggest" as plaintiffs argued.  The court's decision was clearly not based on any such

9

suggestion. This court definitely did not <u>conclude</u> "that the definition of 'consumer report' in Section 1681(a)(d)(2)(A)(I) excludes the type of information Equifax provided to the Nunnallys and Rhodes." While this court made reference to the plaintiffs' argument that § 1681a(d)(2)(A) would exclude from the definition of consumer report "any report containing information solely as to transactions or experiences between the consumer and the person making the report," this court clearly did not rely on that argument in reaching its decision.

After a somewhat circuitous and circular opinion, the appellate court somewhat reached the same opinions that this court reached, followed by a different result. These opinions included: (1) "That consumer report must be something more than the notice of the results of the investigation; otherwise, subparagraph (B) would be redundant;" and (2) "[W]e should ... seek guidance from the text of the statute and settled legal principles rather than from our views about sound policy .... We will not second-guess Congress." Compare the foregoing to the following language in this court's opinion: (1) "Perhaps the only real way to attempt to determine the contextual meaning of 'consumer report' is to specifically consider said § 1681i (g) and its purposes;" and (2) "The provision does not state, 'based upon the corrected portion of the file.'"

The real issue is whether language which states that the FCRA "shall provide to the consumer in writing ... a consumer report that is based upon <u>the consumer's file</u> as <u>that file</u> is revised as a result of the reinvestigation" should be interpreted as: "based upon the revised portion of the file." Is the "consumer's file" only a portion of the file? This court thinks not. Is the "consumer's file" also "that file?" This court believes that it is. After all is said and done, where this court and the appellate court parted company was in the interpretation of the following language: "a consumer report that is based upon the consumer's file as <u>that file</u> is revised as a

result of the reinvestigation." (Emphasis added).[12]

The Clerk will reassign the case.

This the 20th day of June, 2006.

*[signature: Robert B. Propst]*

_____
**ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE**

---

[12] At one place the appellate court quotes as "a 'consumer report based on the file as <u>that</u> file is revised," leaving out "consumer's file."